**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
HENRY MORALES, PEDRO SANTOS, and
JOEL ESCOBAR,

                  Plaintiffs,         **MEMORANDUM AND ORDER**

         -against-               10-CV-03686 (ADS)(ARL)

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY POLICE OFFICERS
JOHN DOE I – VII,

                  Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Sullivan Papain BMC P.C.**
*Attorneys for the Plaintiffs*
55 Mineola Boulevard
Mineola, NY 11501
    By: Matthew J. Jones, Esq., of Counsel

**Purcell & Ingrao, P.C.**
*Attorneys for the Plaintiffs*
204 Willis Avenue
Mineola, NY 11501
    By: Terrance Joseph Ingrao

**Denis M. Brown**
Suffolk County Attorney
*Attorney for the Defendants County of Suffolk and Suffolk County Police Department*
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
    By: Arlene S. Zwilling
        Assistant County Attorney


**NO APPEARANCES:**

John Doe I - VIII

**SPATT, District Judge**.

On August 12, 2010, the Plaintiffs commenced this action. The case centers around an incident on January 11, 2010 during which the Plaintiff Henry Morales was shot by Suffolk County Police Officer Luis Mangual. Presently before the Court is a motion by the Plaintiffs Morales, Pedro Santos, and Joel Escobar seeking leave to amend the complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 15(a)(2) and (c)(1) to substitute the name of Luis Mangual for one of the "John Doe" defendants. The Defendants oppose the motion, contending that (1) the Plaintiffs have not made a showing of "good cause" to amend the complaint as is required by Fed. R. Civ. P. 16(b) and, alternatively, (2) the proposed amendment does not relate back to the original complaint and therefore the motion is futile. For the following reasons, the Court grants the motion to amend.

By order dated November 9, 2011, United States Magistrate Judge A. Kathleen Tomlinson established a discovery schedule that required any motions to amend the pleadings to be made by January 24, 2012. No such motions were made, nor did either party seek an extension of that deadline. By motion dated April 16, 2013, approximately fifteen months after the deadline to amend the pleadings, the Plaintiffs filed the instant motion to amend the complaint.

Although not recognized by the Plaintiffs, the instant motion is governed by Fed. R. Civ. P. 16. "Where, as here, a scheduling order governs amendments to the complaint, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (citations omitted) (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d

2003) (internal quotation marks omitted)). Whether good cause exists turns on the "diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "[T]he movant must show that the deadlines [could] not be reasonably met despite its diligence." Fahmy v. Duane Reade, Inc., 04 Civ. 1798(DLC)(GWG), 2005 U.S. Dist. LEXIS 20929, at *10, 2005 WL 2338711 (S.D.N.Y. Sept. 26, 2005) (quoting Rent–A–Center, Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). While diligence is the primary consideration, it is not the only one. The Court in exercising its discretion may consider other factors including prejudice. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007).

The Plaintiffs assert that they could not ascertain Manual's identity as the officer who discharged his weapon until he testified, corrected, and signed his deposition transcript in March 2013. The Plaintiffs also observe that the Defendant's counsel adjourned Manual's deposition for many months because Manual had taken medical leave for unrelated reasons. The Court also notes that, after the Plaintiffs ascertained the identity of Manual, they moved within about one month to amend the complaint to substitute him as a named party. Under these circumstances, the Plaintiffs have demonstrated good cause under Rule 16(b) to modify the scheduling order to substitute Manual as a named party.

Even though plaintiffs show good cause to amend the scheduling order as to Manual, the Court must also evaluate whether amendment is proper under Fed. R. Civ. P. 15(a). Moore v. Publicis Groupe SA, 11 Civ. 1279(ALC)(AJP), 2012 U.S. Dist. LEXIS 92675, at *15 (S.D.N.Y. June 28, 2012) ("After the moving party demonstrates diligence under Rule 16, the court applies the standard set forth in Rule 15 to determine whether the amendment is proper."). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

As discussed above, the Plaintiffs' motion for leave to file an amended complaint about one month after they learned of Manual's role; therefore, there was no undue delay. "Plaintiffs are not guilty of repeated failure to cure deficiencies by previous amendments, since the information on which the present motion is based came into their possession only after" the time within which they could amend the complaint as of right expired. Sullivan v. W. N.Y. Residential, Inc., 01–CV–7847 (ILG), 2003 U.S. Dist. LEXIS 6498, at *4 (E.D.N.Y. Mar. 4, 2003); see also McLean v. CVS Pharm., Inc., No. 3:09 cv 345 (VLB), 2010 U.S. Dist. LEXIS 99934, at *9, 2010 WL 3827940 (D.Conn. Sept. 21, 2010) ("Nor has [defendant] shown that Plaintiff repeatedly failed to cure deficiencies by amendments previously allowed to identify the proper [parties] to this action after having had a sufficient opportunity to conduct discovery."). The Defendants make no assertion of bad faith or dilatory motive on the part of the Plaintiffs and the Court finds none.

Furthermore, the amendment to substitute Manual would not unduly prejudice the Defendants. Manual plainly knew that he was the officer who discharged his weapon and it is fair to say that the Defendants, as Manual's employers, likely knew this fact soon after the underlying incident as well. Also, even if additional discovery is necessary, "the need to conduct additional discovery is not, in itself, sufficient to constitute prejudice. . . . The fact that discovery has ended does not alter this conclusion." Nycomed US, Inc. v. Glenmark Generics, Ltd., No.

08–CV–5023 (CBA)(RLM), 2010 U.S. Dist. LEXIS 29267, at *38, 2010 WL 1257803 (E.D.N.Y. Mar. 26, 2010) (citations omitted) (internal quotation marks omitted).

The Defendants maintain that the claims against Manual would fall outside the applicable statutes of limitation under 42 U.S.C. §§ 1981, 1983, and 1985. The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 depends on the law of the state in which the claims are brought. For cases brought in New York, the statute of limitations is three years. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); Rodriguez v. City of New York, No. 10-CV-1849, 2011 WL 4344057, at *2 (S.D.N.Y. Sept.7, 2011). The statute of limitations for claims brought pursuant to 42 U.S.C. § 1981 is also three years unless the claims arise out of a post-1990 Act of Congress such as the 1991 Amendments to § 1981 (pertaining to discrimination in contractual relationships), in which case the statute of limitations is four years. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 124 S. Ct. 1836 (2004); Ortiz v. City of New York, 755 F. Supp. 2d 399, 404–05 (E.D.N.Y. 2010); Fernandez v. M & L Milevoi Mgmt., Inc., 357 F. Supp. 2d 644, 649 (E.D.N.Y. 2005). Since the § 1981 claim in this case is not brought under the 1991 Amendments, the three-year statute of limitations applies here. See Patterson, 375 F.3d at 225. In addition, the applicable statute of limitations period governing § 1985 actions is three years from the time the claim accrued. Pressley v. City of New York, 2013 WL 145747, *8 (E.D.N.Y. 2013), quoting Paige v. Police Dept. of Schenectady, 264 F.3d 197, 199 n. 2 (2d Cir. 2001) ("[t]he statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years."). The state law claims are governed by the one year ninety-day statute of limitations set forth in New York General Municipal Law § 50-i. Because the underlying incident occurred on January 11, 2010, more than three years ago, the Court finds that these claims fall outside the applicable statutes of limitation.

5

Further, it is well-settled that "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.'" Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1996); Archibald v. City of Hartford, 264 F.R.D. 371, 372 (D.Conn. 2011). Thus, in order to amend a pleading to replace a John Doe Defendant with a named Defendant where the statute of limitations has run, the claims must relate back as provided by Rule 15(c). "Both parties assume that all of the claims against the Proposed Defendant[] must relate back in order for them to go forward." Feliciano v. Cnty. of Suffolk, CV 04-5321 JS AKT, 2013 WL 1310399, at *6 (E.D.N.Y. Mar. 28, 2013). When an amended pleading changes a party or a party's name and the statute of limitations has run, the party seeking the amendment must also comply with Rule 15(c). Rule 15(c)(1) provides in pertinent part that an amendment relates back to the date of the original pleading when "(1) the new claims 'arose out of the conduct, transaction, or occurrence' set forth in the original pleading, and (2) 'within the period provided for by Rule 4(m) for serving the summons and complaint,' the new party 'received such notice of the action that it will not be prejudiced in defending on the merits,' and (3) during the Rule 4(m) service period the new party 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" Curry v. Campbell, No. 06-CV-2841, 2012 WL 1004894, at *3 (E.D.N.Y. Mar. 23, 2012) (quoting Fed. R. Civ. P. 15(c)(1)(C)).

The Defendants do not dispute that the Plaintiffs satisfy the first and second elements of the relation back test – that is, that the claims against Manual arise out of the same transactions as the claims asserted in the original Complaint and that, in this case, Manual had constructive notice of the claims the Plaintiffs asserted against them such that they would not be prejudiced by the untimely amendment. Rather, relying on Barrow, the Defendants contend that the

Plaintiffs cannot satisfy the third element of the relation back test because a plaintiff's lack of knowledge of the identity of a John Doe Defendant does not constitute a "mistake" for purposes of Fed. R. Civ. 15(c).

The Second Circuit addressed the issue of mistaken identity as it relates to John Doe defendants in Barrow and ruled that:

> Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

66 F.3d at 470. Although not cited by the Plaintiffs, other plaintiffs seeking application of the relation back doctrine have argued that Barrow is no longer good law in light of the Supreme Court's decision in Krupski, __ U.S. __, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2012).

In Krupski, the plaintiff tripped over a cable and fractured her femur while on board the cruise ship Costa Magica. Id. at 2490. Based on information on her ticket, Krupski's attorney sued Costa Cruise Lines notwithstanding the fact that the ticket identified the carrier as Costa Crociere S.p.A., an Italian corporation. Id. The plaintiff's attorney did not seek to add the correct entity until after the statute of limitations expired. Id. at 2487. The Eleventh Circuit ruled that the proposed amendment did not relate back because the plaintiff was made aware of the existence of the correct entity prior to the expiration of the statute of limitations. Id. The Supreme Court reversed and, in doing so, made clear that "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the proper defendant], but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." Id. at 2493.

7

However, in Krupski, the Supreme Court did not address the central holding of Barrow which is also the key issue in this case: whether a plaintiff's lack of knowledge as to the identity of "John Doe" Defendants can be considered a "mistake" or "error." "Because Krupski does not address this isolated issue, the Court concurs with the other courts in this Circuit which have concluded that Barrow remains good law even after Krupski." Feliciano, 2013 WL 1310399 at *9; see Martinez v. City of New York, No. 12–CV–3806, 2012 WL 4447589, at *2 n. 3 (E.D.N.Y. Sept.25, 2012); Felmine v. City of New York, No. 09–CV–3768, 2012 WL 1999863, at *4 (E.D.N.Y. June 4, 2012); Bogle v. Melamed, No. 09–CV–1017, 2012 WL 1117411, at *2 (E.D.N.Y. March 30, 2012); Urena v. Wolfson, No. 09–CV–1107, 2011 WL 7439005, at *4 (E.D.N.Y. Aug. 24, 2011); Rodriguez, 2011 WL 4344057, at *8; Dominguez v. City of New York, No. 10–CV–2620, 2010 WL 3419677, at *3 (E.D.N.Y. Aug. 27, 2010); c.f. Abdell v. City of New York, 759 F. Supp. 2d 450, 457 (S.D.N.Y.2010). Notably, without explicitly discussing the effect of Krupski, the Second Circuit has cited Barrow with respect to the relation back doctrine in other cases decided after Krupski, further demonstrating Barrow's continued viability. Southerland v. City of New York, 680 F.3d 127, 139 n. 12 (2d Cir. 2012). Applying Barrow, the Court concludes that Plaintiffs have not satisfied the third prong of the Rule 15(c) test because the Plaintiffs' lack of knowledge as to the identity of Manual is not a "mistake" within the meaning of the Rule 15(c). Feliciano, 2013 WL 1310399 at *9.

However, "[a]lthough not yet endorsed by the Second Circuit, some district courts have found an exception to the ruling in Barrow in situations where the defendants withheld identifying information or unreasonably delayed in producing such information." Id.; see Byrd v. Abate, 964 F. Supp. 140, 145-46 (S.D.N.Y. 1997) (granting leave to amend where plaintiff requested identifying information prior to expiration of limitations period, but defendant

failed to provide it until period expired); Archibald, 274 F.R.D. at 381–82 (granting leave to amend where defendant's counsel "completely rebuffed or substantially delayed" plaintiff's efforts to discover the identities of officers with whom he interacted); see also Peralta v. Donnelly, No. 04–CV–6559 (CJS), 2009 WL 2160776, at *4, 2009 U.S. Dist. LEXIS 60601, at *10 (W.D.N.Y. July 16, 2009) (noting with approval the approach taken in Byrd, but relying instead on New York's relation back standard); Howard v. City of New York, No. 02 cv 1731 (KMK), 2006 WL 2597857, at *5, 2006 U.S. Dist. LEXIS 63426, at *16 (S.D.N.Y. Sept. 6, 2006) (recognizing the Byrd exception but finding it only "partially appli[cable]" to the plaintiff's case); Covington v. Warden of C–95 Det. Ctr., No. 93cv1958 (FB), 2004 WL 1753284, at *3–*4, 2004 U.S. Dist. LEXIS 15104, at *9 (E.D.N.Y. Jan. 21, 2004) (stating that "it is permissible for a plaintiff who is unaware of the names of putative defendants to name them as John Doe defendants" but that the plaintiff "must thereafter be diligent in ascertaining their names within the applicable limitation period") (citing Garvin v. City of Philadelphia, 354 F.3d 215, 220 n. 6 (3d Cir. 2003))).

The Court concludes that application of the exception to the relation back doctrine outlined in Byrd and Archibald is appropriate where, as here, the Defendants do not refute the Plaintiffs' assertions that Manual's deposition was repeatedly adjourned. In this regard, the Plaintiffs should not be penalized "for [d]efendants' obstruction of [plaintiff's] counsel's diligent efforts to determine the identities of the 'Doe' officers." Archibald, 247 F.R.D. at 382. Indeed, "the Plaintiff[s] should not be barred from naming a new defendant on the basis that the statute of limitations has already run, since to hold otherwise would allow defense counsel "to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended.'" Id. at 381-82 (quoting Byrd, 964 F. Supp. at 146). "Defense counsel is

9

not entitled to transform discovery of the names of police officers who engaged the Plaintiff into a game of hide-and-seek." Id. at 382.  Although the claims against Manual would otherwise be time-barred by the applicable statutes of limitation, the Court grants the motion to amend and the Plaintiffs are directed to file an amended complaint reflecting the revised caption within 30 days of the date of this order.

**SO ORDERED.**
Dated: Central Islip, New York
July 6, 2013

                                                  */s/ Arthur D. Spatt*
                                                   ARTHUR D. SPATT
                                              United States District Judge